1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LEOPOLDO SALAS, et al.

      Plaintiff(s),

          v.

TARGET CORPORATION, et al.

      Defendant(s).

Case No.  2:21–cv–02212–SB–JEM

**STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE STANLEY BLUMENFELD, JR.**

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    Counsel for the plaintiff must immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the defendant that removed the case must serve this Order on all other parties.

1.   **Counsel**

    a.   **Civility**

    All counsel who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines that appear on the Court's website under Attorney Information. Failure to do so may result in sanctions.

### b.   Presence of Lead Counsel

Lead trial counsel must attend any proceeding set by this Court, including all scheduling, pretrial, and settlement conferences, and must be prepared to address and resolve all matters within the scope of the proceeding. Only one attorney for a party may be designated as lead trial counsel unless an exception is requested by the parties and permitted by the Court. Failure of lead counsel to appear will be grounds for sanctions.

For proceedings not set by the Court, lead counsel are strongly encouraged to permit junior lawyers to fully participate in court proceedings, including to argue motions and to examine witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least 7 days before a scheduled hearing stating that a junior lawyer will conduct at least a substantial part of the argument.

### c.   Self-Represented Parties (a.k.a. "Pro Per" Litigants)

Parties appearing in propria persona (meaning self-represented or "pro per" litigants) are required to comply with all local rules, including Local Rule 16 ("Pretrial Conferences; Scheduling; Management"). In this Order, the term "counsel" includes pro per litigants. Only individuals may represent themselves.

### d.   Duty to Notify of Settlement

Counsel must advise the Court immediately if the case or any pending matter has been resolved. Failure to provide timely notice of settlement may result in sanctions.

### e.   "Notice of Unavailability"

While the Court expects that counsel will conduct themselves professionally and will not deliberately schedule any proceeding when opposing counsel are unavailable, a "Notice of Unavailability" has no legal effect and should not be filed.

///

**2.** <u>**Communications with Chambers**</u>

Counsel must not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means unless contact has been first initiated by Chambers staff. Counsel may contact the courtroom deputy clerk with appropriate inquiries. The preferred method of communication with the courtroom deputy clerk is email. ***Counsel must copy all parties on any email to the Court or its staff.*** To facilitate communication with the courtroom deputy clerk, counsel should list their email addresses along with their telephone numbers on all papers.

**3.** <u>**Pleadings**</u>

**a.    Service of the Complaint**

The plaintiff(s) shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed. R. Civ. P. 4(l). Any defendant, including any "Doe" or fictitiously named defendant, not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

**b.    Removed Actions**

Any answer filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motion in state court before the case was removed must be re-noticed in accordance with Local Rule 7. If a removed action contains a "form pleading" (i.e., a check-the-box pleading), the party (or parties) that filed the form pleading must file with this Court within 30 days of the filing of the notice of removal a pleading that complies with the federal rules. *See* Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

**c.    Status of Fictitiously Named Defendants**

This Court requires compliance with the procedures below when a complaint with fictitiously named defendants is removed to this Court on diversity grounds. *See* 28 U.S.C. §§ 1441(a), 1447.

a. Plaintiff must ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference. The Court generally will dismiss Doe defendants on the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

b. If all fictitiously named defendants reasonably cannot be identified within the requisite period, a request to extend the time must be made in the Joint Rule 26 Report. Counsel should be prepared to state the reasons why fictitiously named defendants have not been identified and served.

c. Before moving to substitute a defendant for a fictitiously named defendant, plaintiff must seek the consent of counsel for all defendants, including counsel for the fictitiously named party, if that party has separate counsel. If consent is denied, plaintiff should file a regularly noticed motion. The motion and opposition should address whether the matter should thereafter be remanded to the superior court if diversity is destroyed by the addition of the newly substituted party. *See* 28 U.S.C. § 1447(c), (e).

**4.   Discovery**

   **a.   Magistrate Judge Referral**

All discovery matters are referred to the assigned magistrate judge. All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel should not deliver Chambers copies of these documents to Judge Blumenfeld.

The decision of the Magistrate Judge shall be final, subject to modification by the Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving

4

party must file and serve the motion within 14 days of service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

**b.    Discovery Protective Orders**

Proposed protective orders for discovery must be submitted to the assigned Magistrate Judge. Such orders should not purport to allow, without further order of Judge Blumenfeld, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial before Judge Blumenfeld. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

**5.    <u>Filing Requirements</u>**

**a.    Documents with Declarations, Exhibits, and Other Attachments**

If a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice).

**b.    Proposed Orders**

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. Proposed orders should not contain: (i) attorney names, addresses, etc. on the caption page; (ii) a footer with the document name or other information; or (iii) a watermark or designation of the firm name.

### c.   Chambers Copies

Certain documents must be accompanied by mandatory paper copies sent to Chambers. Parties must comply with the following rules governing these "Chambers Copies."

(i) <u>Applicability</u>. Chambers Copies are required for the following documents only: (i) initial pleadings (notices of removal and related documents, complaints, counterclaims, cross claims, and answers); (ii) Joint Rule 26(f) Reports; (iii) motion papers (motions, oppositions, replies, and related documents), including motions in limine; (iv) ex parte applications for temporary restraining orders; and (v) pretrial documents (memoranda of fact and law, witness and exhibit lists, pretrial conference statement, jury instructions, verdict forms, etc.).

(ii) <u>Timeliness and location.</u> Applicable documents will not be considered until Chambers Copies are submitted. Delay in submitting such copies will delay consideration of the submission. Chambers Copies must be delivered to Judge Blumenfeld's mailbox outside the Clerk's Office on the fourth floor of the First Street Courthouse. Delivery of the Chambers Copies should *not* require the signature of the recipient.

(iii) <u>Exhibits.</u> All exhibits must be separated by a tab divider on the right or bottom of the document. If supporting or opposing evidence exceeds 50 pages, the Chambers Copy must: (i) include a table of contents; and (ii) be in a separately tabbed binder with each item of evidence separated by a tab divider on the right or the bottom. All documents in the binder must be three-hole punched. If the evidence exceeds 200 pages, the table of contents and evidence must be placed in a Slant D-Ring binder. Binders should be no larger than 4 inches. Binders must have both a cover sheet and a spine label.

///

**6.** <u>**General Motion Requirements**</u>

    **a.**    **Pre-Filing Conference ("Meet and Confer" Requirement)**

Local Rule 7-3 requires counsel to conduct a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." This requirement applies in all cases, including cases involving self-represented parties (a.k.a. "pro per" parties). Even if the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the issue(s) requiring judicial resolution.

The Notice of Motion or other request *must* include a statement of compliance with Local Rule 7-3. The Court may strike or outright deny a motion or other relief, or issue sanctions, if counsel fail to meet and confer in good faith.

    **b.**    **Time for Filing and Hearing Motions**

This Court hears civil motions on Fridays at 8:30 a.m. If Friday is a court holiday, select another Friday. If the motion date selected is not available, the Court will issue a minute order continuing the date. Opposition papers due on a Friday holiday may be filed the following Monday. In such cases, reply papers may be filed on the next Monday. The parties may stipulate to a different briefing schedule, so long as the schedule provides at least two weeks between the filing of the reply and the hearing date.

If the parties resolve the issue(s), or if a party withdraws or does not oppose a motion, the Court must be notified as soon as possible, but no later than 7 days before the hearing date. Failure to oppose a motion will likely result in the motion being granted after the opposition would have been due.

    **c.**    **Length and Format of Motion Papers**

Memoranda of points and authorities in support of or in opposition to motions must not exceed 25 pages. Replies must not exceed 15 pages. Only in rare instances will the Court find good cause to grant an application to extend

these page limitations.

Typeface and spacing shall comply with Local Rule 11-3.1.1, except that the parties are required to use only 14-point Times New Roman font. Footnotes shall be in the same font and the same size as the body of the memorandum.

### d.   Citations to Authority

The parties should comply with Bluebook formatting and the citation requirements below.

- <u>Pin Cites.</u>  Case citations must identify both the case cited *and* the specific page referenced.
- <u>String Cites.</u>  Parties should not use string cites without a good reason. When using string cites, a party should include a parenthetical explanation for each cited case.
- <u>Legal Databases.</u>  When citing to legal databases (which is not encouraged), cite to Westlaw whenever possible.
- <u>U.S. Statutes.</u>  Statutory references should identify with specificity the sections and subsections referenced. Citations should be to the relevant official statutory code (e.g., the U.S. Code) and not merely reference the popular name of an act.
- <u>Treatises, Manuals, and the Like.</u>  Citations to treatises, manuals, and other materials should include the volume, section, and relevant pages. Attach copies if these materials are not accessible on Westlaw, especially for historical materials (e.g., older legislative history).
- <u>Footnote Citations.</u>  Citations that support a statement in the main text must be included in the main text, not in footnotes.

### 7.   <u>Specific Motion Requirements</u>

### a.   Motions Pursuant to Rule 12

Most motions to dismiss (or strike) can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially motions for alleged defects

1  in a complaint, answer, or counterclaim that could be corrected by amendment.

2  In general, the Court must provide leave to amend upon granting a motion to

3  dismiss unless it is clear the complaint is not correctible. *See Chang v. Chen*, 80

4  F.3d 1293, 1296 (9th Cir. 1996).

5      If the Court grants a motion to dismiss with leave to amend, the plaintiff

6  must file an amended complaint within the time period specified by the Court. A

7  "redlined" version of the amended complaint must be delivered to Chambers (in

8  paper form) and Chambers email (in electronic form using Word), indicating all

9  changes to the prior version of the complaint. Failure to timely file an amended

10 complaint will result in dismissal of the action or the relevant claim(s) with

11 prejudice.

12     **b.    Motions to Amend Pleadings**

13     A motion to amend the pleadings must state: (i) the effect of the

14 amendment and (ii) the page, line numbers, and wording of any proposed

15 change or addition of material. A "redlined" version of the proposed amended

16 pleading must be delivered to Chambers (in paper form) and to Chambers email

17 (in electronic form using Word), indicating all additions and deletions to the

18 prior version of the pleading. In addition to the requirements of the Local Rules,

19 all amended pleadings must be serially numbered to differentiate each

20 amendment (i.e., "First Amended Complaint," "Second Amended Complaint").

21     **c.    Motions for Summary Judgment**

22     Please refer to Judge Blumenfeld's Standing Order re Motions for

23 Summary Judgment found at https://www.cacd.uscourts.gov/honorable-stanley-

24 blumenfeld-jr.

25 **8.    Telephonic Appearances**

26     The Court does not allow telephonic appearances absent extraordinary

27 circumstances preventing counsel's personal appearance.

28 *///*

**9.** **Ex Parte Applications**

A party seeking ex parte relief, including a temporary restraining order, must comply with Local Rule 7-19. The applicant must notify the other party (or parties) that opposing papers are to be filed no later than 48 hours (i.e., two court days) following service. The Court generally will not rule on an ex parte application for at least two court days after the party subject to the requested order has been served, unless service is excused. Opposing counsel should advise the courtroom deputy clerk as soon as possible whether their client intends to oppose the ex parte application. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. The application will not be considered until a Chambers Copy has been provided. Sanctions may be imposed for misuse of ex parte applications.

**10.** **Extensions of Time**

The Court strongly prefers that the parties work cooperatively to resolve calendar conflicts. Parties must therefore attempt to stipulate regarding date changes.

Moreover, the Court grants continuances only on a showing of good cause and only when the request is made before the due date. An application or stipulation for an extension must set forth:

    a. The existing and requested (i) due date or hearing date, (ii) the discovery cut-off date, (iii) the last day for hearing motions, (iv) the pretrial conference date, and (v) the trial date (in a two-column table with the existing dates in the first column and the requested date(s) in the second column);

    b. Specific, detailed, and non-conclusory reasons, contained in a declaration, supporting good cause for granting the extension or continuance;

///

c. Whether there have been prior requests for extensions, and

whether these requests were granted or denied by the Court; and

d. A description of the diligence of the party seeking the continuance

and any prejudice that may result if the continuance is denied.

Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.

## 11.  Class Actions

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. A motion for class certification must be filed no later than 120 days from the date initially set for the scheduling conference, without regard to any continuances, unless the Court orders otherwise.

## 12.  ERISA Cases Concerning Benefit Claims

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue. If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1093-95 (9th Cir. 1999) (en banc) in the moving papers and explain why summary judgment is not precluded. There will be a court trial, ordinarily limited to oral argument on the administrative record.

## 13.  Bankruptcy Appeals

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the district court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

///

**14.  <u>Consent to Magistrate Judge</u>**

The parties may consent to have a United States Magistrate Judge preside over the entire case, including trial. The parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to this case. Please consult the court's website for the list of available Magistrate Judges.

**15.  <u>Sanctions for Failure to Comply</u>**

If, without satisfactory explanation, counsel fail to file the required Joint Rule 26(f) Report or the required pretrial documents or fail to appear at any scheduled proceeding (e.g., the scheduling conference, the pretrial conference), the Court shall take any action it deems appropriate, including: (1) dismissal of the case for failure to prosecute, if the failure occurs on the part of the plaintiff; or (2) striking the answer resulting in default if such failure occurs on the part of the defendant.

IT IS SO ORDERED.

Dated:  March 12, 2021

_____
Stanley Blumenfeld, Jr.
United States District Court Judge